1 | SEYFARTH SHAW LLP
Laura J. Maechtlen (SBN 224923)
2 | E-mail: lmaechtlen@seyfarth.com
560 Mission Street, Suite 3100
3 | San Francisco, CA 94105
Telephone: (415) 397-2823
4 | Facsimile: (415) 397-8549

5 | Jamie C. Chanin (SBN 244659)
E-mail: jchanin@seyfarth.com
6 | 2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
7 | Telephone: (310) 277-7200
Facsimile: (310) 201-5219

8 |
Attorneys for Defendant
9 | TARGET CORPORATION

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 |

13 | SARA VILLANUEVA, an individual,          ) CASE NO.:
                                              )          **SACV13 - 01020 DOC (RNBx)**
14 |                                          )
            Plaintiff,                        )
15 |                                          ) **NOTICE OF REMOVAL OF ACTION**
                                              ) **(DIVERSITY)**
16 |     vs.                                  )
                                              )
17 | TARGET CORPORATION, a Minnesota          ) [28 U.S.C. § 1441 (b)]
18 | corporation; and DOES 1 through 50,      )
     inclusive,                               ) [Filed concurrently with Notice of
19 |                                          ) Interested Parties]
                                              )
20 |            Defendants.                   )
                                              ) Complaint filed: April 12, 2013
21 |                                          )
                                              )
22 |                                          )
                                              )
23 |

24 | TO THE ABOVE-ENTITLED COURT:

25 | Defendant TARGET CORPORATION ("Target") hereby invokes this Court's

26 | jurisdiction under the provisions of 28 U.S.C. §§1332 and 1441(b) and removes this

27 | action from state court to federal court pursuant to 28 U.S.C. § 1446(b). In support

28 | thereof, Target asserts:

15799486v.1

1.      On April 12, 2013, plaintiff SARA VILLANUEVA ("Plaintiff") filed a civil complaint against Target in the Superior Court of the State of California, County of Orange entitled "Sara Villanueva, Plaintiff, v. Target Corporation..., and Does 1 through 50, Inclusive, Defendants," Case No. 30-2013-00643344. Plaintiff asserts 10 causes of action:  (1) sex discrimination (pregnancy) in violation of the Fair Employment and Housing Act ("FEHA"); (2) disability discrimination in violation of the FEHA; (3) failure to prevent discrimination in violation of the FEHA; (4) failure to accommodate in violation of the FEHA; (5) failure to engage in the interactive process in violation of the FEHA; (6) retaliation in violation of the FEHA; (7) interference with and failure to provide leave in violation of the California Family Rights Act and Family Medical Leave Act; (8) wrongful termination in violation of the FEHA; (9) wrongful termination in violation of public policy; and (10) intentional infliction of emotional distress.  Attached as Exhibit "A" is a copy of the Complaint received by Target.

2.      Plaintiff mailed a notice of acknowledgment of receipt of service of process of the Summons and Complaint to Target's agent for service of process on May 21, 2013. Target signed this notice and acknowledgment on June 10, 2013.

3.      Target filed and served its Answer to Plaintiff's Complaint in the Orange County Superior Court on July 8, 2013.  Attached as Exhibit "B" is a copy of Target's Answer.  Target believes that Exhibits A and B constitute all the pleadings filed in this matter as of the date of filing this Notice of Removal.

## DIVERSITY

### Plaintiff Is a Citizen of California

4.      For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff's own allegations in the Complaint establish that she is a California citizen.  Specifically, Plaintiff alleges that "[a]t all times material herein, Plaintiff... was and is a resident of the State of California,

15799486v.1

County of Los Angeles." Complaint, ¶ 1. Accordingly, Plaintiff is, and at all relevant times was, a citizen and resident of the State of California.

### Target Is Not a Citizen of California

5.   Target is not a citizen of the State of California. Target is incorporated under the laws of the State of Minnesota and maintains its principal place of business in the State of Minnesota.

6.   According to the United States Supreme Court, a company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U. S. ___, 130 S. Ct. 1181, 1192 (2010).

7.   Target's corporate headquarters are in Minneapolis, Minnesota. All of its corporate officers are located in Minnesota. It follows that Target is a citizen of the State of Minnesota.

8.   Target is not aware of any Doe defendant having been served with a copy of the Summons and Complaint.

### AMOUNT IN CONTROVERSY

9.   Plaintiff prays for the following damages: special damages according to proof, general damages (for past and future emotional distress and physical symptoms) according to proof, interest, punitive damages, and attorneys' fees and costs incurred. *See, e.g.,* Complaint, ¶¶ 23-26 and Prayer, p. 19.

10.   While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*,

15799486v.1

1    102 F.3d 398, 404 (9th Cir. 1996) ("defendant must provide evidence establishing that it

2    is 'more likely than not' that the amount in controversy exceeds [the threshold] amount").

3          11.    In determining whether the amount in controversy exceeds $75,000, the

4    Court must presume Plaintiff will prevail on each and every one of her claims and must

5    consider the aggregate value of such claims. *Kenneth Rothschild Trust v. Morgan*

6    *Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor*

7    *Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (the amount in controversy analysis

8    presumes that "plaintiff prevails on liability"). The amount in controversy may include

9    general and special compensatory damages and attorneys' fees that are recoverable by

10   statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Punitive

11   damages are also included in calculating the amount in controversy. *Davenport v.*

12   *Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

13         12.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the

14   removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*,

15   372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented

16   in the removal petition). For example, a court may consider jury awards for similar cases

17   in deciding whether it is more likely than not that the amount in controversy requirement

18   is met. Numerous recent jury awards to plaintiffs in disability discrimination cases in

19   California have exceeded $75,000. *See, e.g., Landau v. County of Riverside*, 2010 WL

20   1648442 (C.D. Cal. 2010) (award of $1,033,500 to employee who brought action against

21   employer for disability discrimination and failure to accommodate); *Dodd v. Haight*

22   *Brown & Bonesteel LLP*, 2010 WL 4845808 (L.A. County Superior Ct. 2010) (award of

23   $410,520 to employee wrongfully terminated based on disability and medical condition);

24   *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Superior Ct. 2010)

25   (award of $615,236 to employee in disability discrimination and wrongful termination

26   action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal. 2010) (award of $300,000 to

27   employee in disability discrimination and retaliation action); *Morales v. Los Angeles*

28   *County Metro. Transp. Auth.*, 2008 WL 4488427 (L.A. County Superior Ct. 2008) (award

15799486v.1

of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.*, 2008 WL 4056258 (L.A. County Superior Ct.) (award of $1,180,164 in disability discrimination and failure to accommodate action where employee lost her position after suffering on-the-job injury); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Superior Ct. 2008) (award of $600,000 to employee claiming wrongful termination and disability and age discrimination); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal. 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108 (L.A. County Superior Ct. 2007) (award of $173,056 to employee who brought action based on disability and age discrimination against employer who wrongfully terminated her); *Martin v. Arrow Elect.*, 2006 WL 2044626 (C.D. Cal. 2006) (award of $380,306 to employee who was wrongfully terminated based upon the disabilities he developed during his employment); *Shay v. TG Const., Inc.*, 2002 WL 1918045 (Ventura County Superior Ct. 2002) (award of $462,500 to employee wrongfully terminated on basis of disability). Therefore, in the unlikely event Plaintiff should prevail at trial, it is more likely than not she will recover more than $75,000.

13.    Finally, it is unimaginable that Plaintiff's counsel would seek less than $75,000 in attorneys' fees for a jury trial of the claims alleged in the Complaint. If Plaintiff's counsel is seeking less than $75,000 in fees, Defendant invites him to stipulate to this fact for purposes of this case.

14.    Based on the foregoing, this matter is a civil action in which the amount in controversy more likely than not exceeds the sum of $75,000.

## REMOVAL JURISDICTION

15.    This Notice of Removal has been filed within thirty (30) days after Target was first served with a copy of Plaintiff's Summons and Complaint and is therefore filed within the time period mandated by 28 U.S.C. § 1446(b).

16.    For all the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332, 1441(b) and 1446(b).

15799486v.1

1    17.    Venue lies in the United States District Court for the Central District of

2  California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the state action was

3  filed in this district, and it is the judicial district in which the action arose.  *See* 28 U.S.C.

4  § 84.  The Target store at which Plaintiff worked is located in Orange County.

5  Specifically, Target maintains this store at 1000 West Imperial Highway, La Habra,

6  California  90631.

7

8         WHEREFORE, Target prays the above action now pending against it in the

9  Superior Court of the State of California for the County of Orange be removed therefrom

10  to this Court.

11

12  DATED:  July 9, 2013                        SEYFARTH SHAW LLP

13

14                                              By

15                                                 Laura J. Maechtlen
                                                   Jamie C. Chanin

16                                              Attorneys for Defendant
                                                TARGET CORPORATION
17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION (DIVERSITY)

15799486v.1

EXHIBIT A

1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5941 VARIEL AVENUE
WOODLAND HILLS, CALIFORNIA 91367

2

Tel. (818) 610-8800

3

Fax: (818) 610-3030

4

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
DAVID F. TIBOR, STATE BAR NO. 230563

5

KAREN Y. CHO, STATE BAR NO. 274810

6

Attorneys for Plaintiff
SARA VILLANUEVA

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/12/2013** at 09:03:14 AM

Clerk of the Superior Court
By Sonya Wilson,Deputy Clerk

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## FOR THE COUNTY OF ORANGE – CENTRAL DISTRICT

10

11

SARA VILLANUEVA, an individual;

Plaintiff,

12

vs.

13

14

TARGET CORPORATION, a Minnesota corporation; and DOES 1 through 50, inclusive;

15

16

Defendants.

17

Case No.:  30-2013-00643344-CU-WT-CJC

COMPLAINT FOR:

1.  **SEX DISCRIMINATION (PREGNANCY) IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* [FEHA];**

2.  **DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FEHA;**

3.  **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA;**

4.  **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**

18

19

5.  **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**

20

6.  **RETALIATION IN VIOLATION OF THE FEHA;**

21

22

7.  **INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT AND FAMILY MEDICAL LEAVE ACT;**

23

24

8.  **WRONGFUL TERMINATION IN VIOLATION OF THE FEHA;**

25

9.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND**

26

10. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

27

## DEMAND FOR JURY TRIAL

28

Judge Derek W. Hunt

**JML LAW**
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1    Plaintiff, SARA VILLANUEVA, hereby brings her complaint against the above-named

2  Defendants and states and alleges as follows:

3                              **PRELIMINARY ALLEGATIONS**

4      1.    At all times material herein, Plaintiff, SARA VILLANUEVA (hereinafter referred

5  to as "Plaintiff") was and is a resident of the State of California, County of Los Angeles.

6      2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

7  TARGET CORPORATION (hereinafter referred to as "Defendant TARGET"), is a Minnesota

8  corporation employing more than twenty (20) people, was at all times mentioned in this

9  Complaint duly licensed to do business, and was and is doing business in the State of California,

10  County of Orange.

11      3.    The true names and capacities, whether individual, corporate, associate or otherwise

12  of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

13  fictitious names.  Plaintiff is informed and believes that each of the Defendants named as a DOE

14  Defendant is legally responsible in some manner for the events referred to in this complaint,

15  either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

16  otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the

17  future seek leave of this court to show the true names and capacities of these DOE Defendants

18  when it has been ascertained.

19      4.    Plaintiff is informed and believes, and based thereon alleges, that each of the

20  fictitiously named Defendants is responsible in some manner for, and proximately caused, the

21  harm and damages alleged herein below.

22      5.    Plaintiff is informed and believes, and based thereon alleges, that each of the

23  Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint

24  venturer of each of the other Defendants named herein and, in doing the acts and in carrying out

25  the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

26  relationship and with the permission, consent and ratification of each of the other Defendants

27  named herein.

28  ///

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

6.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

7.    Plaintiff commenced employment with Defendant TARGET as a Sales Floor Presentation Manager on or around June 7, 2008. Plaintiff was responsible for maintaining and restocking the sales floor shelves and generally ensuring that the store looked presentable to customers.

8.    Throughout the course of Plaintiff's three (3) years of employment with Defendant TARGET, Plaintiff performed her duties in a competent and efficient manner. Plaintiff performed her duties with the utmost professionalism and became a valued member of Defendant TARGET. Plaintiff was terminated on or around May 13, 2011.

9.    In or around March 15, 2010, Plaintiff suffered an injury while at the workplace after slipping and falling on a wet floor with no signs warning of the danger. As a result of this slip and fall, Plaintiff seriously injured her neck, back, right wrist, and right arm. However, due to fears of being terminated, Plaintiff did not immediately report her injuries. A report of the slip and fall was taken by an employee of Defendant TARGET.

10.    Shortly thereafter, Plaintiff discovered she was pregnant on or around June 9, 2010. Due to Plaintiff's recent work-related injuries, Plaintiff's pregnancy was deemed a "high risk" pregnancy, which required extra attention and care.

11.    Plaintiff was subsequently placed on maternity leave in or around June 2010. Originally, Plaintiff's leave was set to expire on or around January 15, 2011.

12.    On January 15, 2011, Plaintiff believes she was placed on extended leave under the Family Medical Leave Act ("FMLA") because Plaintiff had not delivered her baby. Plaintiff's leave was set to expire on or around April 15, 2011. Plaintiff delivered her baby on or about February 9, 2011.

13.    Due to Plaintiff's high-risk pregnancy, Plaintiff had been placed on a conservative treatment plan for the injuries that resulted from her slip and fall incident on Defendant TARGET's premises. As such, towards the expiration of Plaintiff's leave, Plaintiff's neurologist

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

3

COMPLAINT

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1  informed Plaintiff that she was to remain on disability due to her continuing lower back, neck,

2  right wrist, right arm pain, and as well as right leg numbness.

3      14. Plaintiff repeatedly attempted to advise the Human Resources Department at

4  Defendant TARGET of the disability status that her neurologist had placed her on. Plaintiff left

5  several voice messages for Defendant TARGET and Defendant TARGET's human resources

6  manager to ensure that she was keeping in contact with the correct persons in regards to

7  Plaintiff's. However, despite Plaintiff's numerous messages and attempts to inform them of her

8  continued medical leave, she was never contacted by anyone from Defendant TARGET

9  acknowledging receipt of her messages.

10      15. It was not until on or around May 13, 2011 that Plaintiff received any sort of

11  communication from Defendant TARGET. Unfortunately, this communication was in the form

12  of a letter from Defendant TARGET stating that Plaintiff's failure to return was considered an

13  abandonment of her position, and deemed a resignation on her part. Plaintiff was still on

14  disability leave at this time.

15      16. Plaintiff is informed and believes, and herein alleges, that the proffered reason for

16  her termination was pretext, and her employment was terminated because of her pregnancy,

17  disability and/or in retaliation for requesting accommodation and/or taking disability leave.

18      17. On or about April 16, 2012, Plaintiff filed charges with the State of California,

19  Department of Fair Employment and Housing and received immediate right to sue letters on or

20  about April 16, 2012.

21  **FIRST CAUSE OF ACTION**

22  **SEX DISCRIMINATION (PREGNANCY) IN VIOLATION OF**

23  **GOVERNMENT CODE § 12940 ET SEQ.**

24  **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

25  **(Against Defendant TARGET and DOES 1 through 50)**

26      18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive,

27  of this Complaint as if fully set forth at this place.

28  ///

4
COMPLAINT

19.   At all times herein mentioned, California Government Code §§ 12940 *et seq.*, the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.

20.   California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of sex.  Per California Government Code § 12926(p), "sex" includes, but is not limited to, pregnancy, childbirth, or medical conditions related to pregnancy or childbirth.

21.   On or about May 13, 2011, Defendants terminated Plaintiff for pretextual reasons. Defendants stated that Plaintiff "abandoned" her position.  However, based on the facts and circumstances, Plaintiff believes and alleges that her termination was actually based on her recent pregnant and disabled condition.

22.   The above said acts and omissions of Defendants, as alleged in the factual summary of this Complaint, constituted sex (pregnancy) discrimination in violation of public policy and in violation of California Government Code §§ 12940, *et seq.*

23.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

24.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

25.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1     expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

2     entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

3         26.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors,

4     and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

5     egregious, and inexcusable manner and in conscious disregard for the rights and safety of

6     Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and

7     make an example of Defendants, and each of them..

8                          **SECOND CAUSE OF ACTION**

9      **DISCRIMINATION BASED ON DISABILITY (WRONGFUL TERMINATION)**

10        **IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.**

11            **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

12         **(Against Defendant TARGET and DOES 1 through 50)**

13         27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive,

14     of this Complaint as if fully set forth at this place.

15         28.    At all times herein mentioned, California Government Code § 12940 et seq., the

16     Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on

17     Defendant and each of them, as Defendant TARGET regularly employed five (5) or more

18     persons.

19         29.    California Government Code § 12940 et seq. requires Defendants to refrain from

20     discriminating against any employee on the basis of sexual orientation and/or disability.

21         30.    On or about May 13, 2011, Defendants wrongfully terminated Plaintiff's

22     employment. Prior to said date, Plaintiff, based on her disability, was discriminated against in

23     the terms, conditions, and privileges of employment.

24         31.    The above said acts, including the termination of Plaintiff, by Defendants

25     constituted disability discrimination in violation of public policy and in violation of California

26     Government Code § 12940 et seq.

27         32.    As a proximate result of the aforesaid acts of Defendants, and each of them,

28     Plaintiff has suffered actual, consequential and incidental financial losses, including without

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1  limitation, loss of salary and benefits, and the intangible loss of employment related

2  opportunities in her field and damage to her professional reputation, all in an amount subject to

3  proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil

4  Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

5      33.   As a proximate result of the wrongful acts of Defendants, and each of them,

6  Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

7  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed,

8  believes, and based thereon alleges that she will continue to experience said physical and

9  emotional suffering for a period in the future not presently ascertainable, all in an amount subject

10  to proof at the time of trial.

11     34.   As a proximate result of the wrongful acts of Defendants, and each of them,

12  Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

13  expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

14  entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

15     35.   The acts taken toward Plaintiff were carried out by Defendant's officers, directors,

16  and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

17  egregious, and inexcusable manner and in conscious disregard for the rights and safety of

18  Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and

19  make an example of Defendants, and each of them.

20                        **THIRD CAUSE OF ACTION**

21                  **FAILURE TO PREVENT DISCRIMINATION**

22     **IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 (j) and (k)**

23              **(Against Defendant TARGET and DOES 1 through 50)**

24     36.   Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive,

25  of this Complaint as if fully set forth at this place.

26     37.   At all times mentioned herein, California Government Code Sections 12940, et seq.,

27  including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

28  binding upon Defendants and each of them.  These sections impose on an employer a duty to

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1   take immediate and appropriate corrective action to end discrimination and harassment and take

2   all reasonable steps necessary to prevent discrimination and harassment from occurring, among

3   other things.

4       38.   In failing and/or refusing to take immediate and appropriate corrective action to end

5   the discrimination and in failing and/or refusing to take and or all reasonable steps necessary to

6   prevent discrimination from occurring, Defendants violated California Government Code §

7   12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

8       39.   As a proximate result of the aforesaid acts of Defendants, and each of them,

9   Plaintiff has suffered actual, consequential and incidental financial losses, including without

10   limitation, loss of salary and benefits, and the intangible loss of employment related

11   opportunities in her field and damage to her professional reputation, all in an amount subject to

12   proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil

13   Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

14       40.   As a proximate result of the wrongful acts of Defendants, and each of them,

15   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

16   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

17   believes and thereupon alleges that she will continue to experience said physical and emotional

18   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

19   at the time of trial.

20       41.   As a proximate result of the wrongful acts of Defendants, and each of them,

21   Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

22   expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

23   entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

24       42.   The acts taken toward Plaintiff were carried out by Defendant's officers, directors,

25   and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

26   egregious, and inexcusable manner and in conscious disregard for the rights and safety of

27   Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and

28   make an example of Defendants, and each of them.

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

8

COMPLAINT

**FOURTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE**

**IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**

**[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

**(Against Defendant TARGET and DOES 1 through 50)**

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth at this place.

44.    Defendant TARGET is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA.

45.    Plaintiff's physical disability limited her ability to engage in the major life activity of working. Also, Plaintiff's physical condition of being pregnant was perceived as a disability by Defendants, in that her pregnancy would develop into a health impairment limiting her ability to engage in the major life activity of working in the future.

46.    Although Defendants, and each of them, knew of Plaintiff's physical disability, specifically, Plaintiff's pregnant condition, Defendants, and each of them, refused to accommodate Plaintiff's disability/pregnancy and instead terminated Plaintiff because of her disability/pregnancy. Rather than accommodating Plaintiff with pregnancy leave, Defendants fired Plaintiff in direct contravention of FEHA, and specifically in violation of California Government Code § 12945.

47.    Plaintiff alleges that she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner even continuing further into her pregnancy, particularly if she was provided with reasonable accommodations such as time off work to attend her medical appointments and pregnancy leave.

48.    As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages, including, but not limited to, substantial losses in earnings and other employment benefits, as well as emotional distress, all to her damage in an amount according to proof.

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

9

COMPLAINT

49. In doing the acts alleged herein, Defendants acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendant TARGET had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical disabilities. Defendant TARGET, through its agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

50. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965(b).

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant TARGET and DOES 1 through 50)

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth at this place.

52. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. According to California Government Code § 12940 (n), it is an unlawful employment practice for an employer or other covered entity to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations.

53. While Plaintiff was employed with Defendants, Defendants were aware that Plaintiff was pregnant and required accommodation.

54. Plaintiff is informed, believes, and thereon alleges that at no time did Defendants engage in any sort of interactive process, as required by California Government Code § 12940 (n), to accommodate Plaintiff's known disabilities.

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

55.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

56.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

58.   The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants.

## SIXTH CAUSE OF ACTION

### RETALIATION

### IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant TARGET and DOES 1 through 50)

59.   Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth at this place.

60.   Plaintiff engaged in protected conduct protected by the FEHA and CFRA.  Plaintiff asked for accommodation and took protective leave. Defendants were thereby placed on express notice that Plaintiff was protected by related California Government Codes.

61.   In response to Plaintiff's protected activity, Defendants refused to accommodate her disability, and instead terminated her employment. This conduct constitutes retaliation by Defendants in response to Plaintiff's protected activity.

62.   Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other retaliatory actions against Plaintiff which are not yet fully known.  At such time, as said discriminatory practices become known to her, Plaintiff will seek leave of this Court to amend this Complaint.

63.   As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

64.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

65.   Moreover, Defendant TARGET had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment against and upon employees of Defendant TARGET, based on the disability of Defendant TARGET's employees and required Defendant TARGET's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendant TARGET's based on their disability. Defendants TARGET's managers, officers, and/or agents were aware of Defendant TARGET's policies and procedures prohibiting discrimination, harassment, retaliation based on an

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

12

COMPLAINT

1  employee's disability and also requiring Defendant TARGET's managers, officers, and agents to

2  prevent, and investigate discrimination, retaliation, and harassment against and upon employees

3  of Defendant TARGET, based on their disability.  Furthermore, Defendant TARGET's

4  managing agents maintained broad discretionary powers regarding staffing, managing, hiring,

5  firing, contracting, supervising, assessing and establishing of policy and practice in Defendant

6  TARGET's facilities.  However, the perpetrators of said discriminatory and retaliatory acts chose

7  to consciously and willfully ignore said policies and procedures and therefore, their outrageous

8  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

9  of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided,

10  abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

11  alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against

12  each Defendant in an amount to be established that is appropriate to punish each Defendant and

13  deter others from engaging in such conduct.

**SEVENTH CAUSE OF ACTION**

**INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE**

**IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**

**(Against Defendant TARGET and DOES 1 through 50)**

18  66.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive,

19  of this Complaint as if fully set forth at this place.

20  67.    All relevant times herein, Plaintiff was entitled to protected leave under the

21  California Family Rights Act and Family Medical Leave Act and/or Defendants represented to

22  Plaintiff that she was entitled to protected leave under the California Family Rights Act

23  ("CFRA").

24  68.    Plaintiff requested protected medical leave in June 2010.  Defendants provided a

25  portion of this leave, but in May 2011 ultimately terminated Plaintiff's employment because she

26  continued to utilize the protected medical leave to which she was entitled.

27  ///

28  ///

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

13

COMPLAINT

69.     Defendants' interference with and failure to provide Plaintiff with leave as described in this Complaint violates the California Family Rights Act as promulgated in Government Code §12945.2 et seq. and other state statutes which mandate family and medical leave.

70.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

71.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

72.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

73.     The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each of said Defendants.

74.     Moreover, Defendant TARGET had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment against and upon employees of

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1  Defendant TARGET, based on the disability of Defendant TARGET's employees and required

2  Defendant TARGET's managers, officers, and agents to prevent discrimination, retaliation, and

3  harassment against and upon employees of Defendant TARGET's based on their disability.

4  Defendants TARGET's managers, officers, and/or agents were aware of Defendant TARGET's

5  policies and procedures prohibiting discrimination, harassment, retaliation based on an

6  employee's disability and also requiring Defendant TARGET's managers, officers, and agents to

7  prevent, and investigate discrimination, retaliation, and harassment against and upon employees

8  of Defendant TARGET, based on their disability. Furthermore, Defendant TARGET's

9  managing agents maintained broad discretionary powers regarding staffing, managing, hiring,

10  firing, contracting, supervising, assessing and establishing of policy and practice in Defendant

11  TARGET's facilities. However, the perpetrators of said discriminatory and retaliatory acts chose

12  to consciously and willfully ignore said policies and procedures and therefore, their outrageous

13  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

14  of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

15  abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

16  alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

17  each Defendant in an amount to be established that is appropriate to punish each Defendant and

18  deter others from engaging in such conduct.

19  **EIGHTH CAUSE OF ACTION**

20  **WRONGFUL TERMINATION**

21  **IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**

22  **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

23  **(Against Defendant TARGET and DOES 1 through 50)**

24  75.    Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive,

25  of this Complaint as if fully set forth at this place.

26  76.    At all times herein mentioned, California Government Code § 12940 *et seq.* were in

27  full force and effect and were binding on Defendant and each of them, as Defendant regularly

28  employed five (5) or more persons. California Government Code § 12940 *et seq.* provides that it

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

15
COMPLAINT

is unlawful for an employer, to discharge a person from employment or discriminate against

them in compensation or as to the terms, conditions or privileges of employment based on a

prohibited employment practice, as stated in California Government Code § 12940 (a)-(o).

77.   Plaintiff was terminated because of her sexual orientation and disability.

Accordingly, her termination was in violation of the Fair Employment and Housing Act.

78.   As a proximate result of the aforesaid acts of Defendants, and each of them,

Plaintiff has suffered actual, consequential and incidental financial losses, including without

limitation, loss of salary and benefits, and the intangible loss of employment related

opportunities in her field and damage to her professional reputation, all in an amount subject to

proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code §

3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

79.   As a proximate result of the wrongful acts of Defendants, and each of them,

Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

believes and thereupon alleges that she will continue to experience said physical and emotional

suffering for a period in the future not presently ascertainable, all in an amount subject to proof

at the time of trial.

80.   As a proximate result of the wrongful acts of Defendants, and each of them,

Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

83.   The acts taken toward Plaintiff were carried out by Defendant's officers, directors,

and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate,

egregious, and inexcusable manner and in conscious disregard for the rights and safety of

Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and

make an example of Defendants, and each of them.

///

///

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

16

COMPLAINT

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF PUBLIC POLICY

#### (Against Defendant TARGET and DOES 1 through 50)

81.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth at this place.

82.     At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code §§ 12940, *et seq.*, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sexual orientation and disability as identified in California Government Code § 12940(a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code §§ 12940, *et seq.*, and the laws and regulations promulgated thereunder.

83.     As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

84.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

85.     The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

### TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant TARGET and DOES 1 through 50)

86.     Plaintiff realleges and incorporates by reference paragraphs 1 through 17, inclusive, of this Complaint as if fully set forth at this place.

87.     Defendants' acts and omissions as set forth herein were extreme and outrageous and were undertaken in a despicable, oppressive, fraudulent, deliberate, egregious, and inexcusable manner with malice and oppressions as defined by California Civil Code § 3294.

88.     In committing the outrageous acts and omissions as set forth above, Defendants knew or should have known that their conduct would result in Plaintiff's severe emotional distress, and Defendants acts and omission were perpetrated with the intent to inflict and/or the reckless disregard of the probability of inflicting humiliation, mental anguish, and severe emotional distress on Plaintiff.

89.     Defendants' acts, as set forth herein, were in excess of any authority granted to them by law and were without justification or excuse in law, and were in contravention of public policy as set forth above.  Furthermore, said acts by Defendants and each of them were not within the proper working relationship of Plaintiff, were in violation of statutes and common law, and were outside the compensation bargain between Plaintiff and Defendants.  Furthermore, Defendants, acting as they did, stepped outside the proper role of employer, manager, or agent of an employer for purposes of the Workers Compensation Act.

90.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed, believes, and based thereon

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1  alleges, that she will continue to experience said physical and emotional suffering for a period in

2  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

3  The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or

4  managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious,

5  and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby

6  justifying an award of punitive damages in a sum appropriate to punish and make an example of

7  Defendants.

8

9  **WHEREFORE, Plaintiff prays for judgment as follows:**

10      1.      For general damages, according to proof;

11      2.      For special damages, according to proof;

12      3.      For loss of earnings, according to proof;

13      4.      For declaratory relief, according to proof;

14      5.      For injunctive relief, according to proof;

15      6.      For attorneys' fees, according to proof;

16      7.      For prejudgment interest, according to proof;

17      8.      For punitive and exemplary damages, according to proof;

18      9.      For costs of suit incurred herein;

19      10.     For such other relief and the Court may deem just and proper.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

19
COMPLAINT

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a jury trial.

DATED:      April 12, 2013                    JML Law, A Professional Law Corporation


                                          By: _____

                                              JOSEPH M. LOVRETOVICH

                                              DAVID F. TIBOR

                                              KAREN Y. CHO

                                              Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

20
COMPLAINT

EXHIBIT B

1  | SEYFARTH SHAW LLP
   | Laura J. Maechtlen (SBN 224923)
2  | E-mail: *lmaechtlen@seyfarth.com*
   | 560 Mission Street, Suite 3100
3  | San Francisco, CA 94105
   | Telephone: (415) 397-2823
4  | Facsimile: (415) 397-8549
5  | Jamie C. Chanin (SBN 244659)
   | E-mail: *jchanin@seyfarth.com*
6  | 2029 Century Park East, Suite 3500
   | Los Angeles, California 90067-3021
7  | Telephone: (310) 277-7200
   | Facsimile: (310) 201-5219
8  |
   | Attorneys for Defendant
9  | TARGET CORPORATION

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/08/2013** at 10:54:00 AM

Clerk of the Superior Court
By Jaime Cordero,Deputy Clerk

10 | SUPERIOR COURT OF CALIFORNIA

11 | COUNTY OF ORANGE

12 | SARA VILLANUEVA, an individual,      ) Case No.: 30-2013-00643344
                                         )
13 |                Plaintiff,           )
                                         )
14 |        vs.                          ) **DEFENDANT TARGET**
                                         ) **CORPORATION'S ANSWER TO**
15 | TARGET CORPORATION, a Minnesota     ) **PLAINTIFF'S UNVERIFIED**
    | corporation; and DOES 1 through 50, inclusive, ) **COMPLAINT FOR DAMAGES**
16 |                                     )
    |                Defendants.         ) Complaint filed:      April 12, 2013
17 |                                     )
18 | _____    )

19 |        Defendant Target Corporation ("Defendant") hereby answers plaintiff Sara Villanueva's

20 | ("Plaintiff") unverified Complaint as follows:

21 |

22 |                        **GENERAL DENIAL**

23 |        Pursuant to the provisions of California Code of Civil Procedure Section 431.30,

24 | Defendant denies, generally and specifically, each and every allegation, statement, matter and

25 | each purported cause of action contained in Plaintiff's Complaint, and, without limiting the

26 | generality of the foregoing, denies that Plaintiff has been damaged in the manner or sums

27 | alleged, or in any way at all, by reason of any acts or omissions of Defendant.

28 |

---

1

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
15785591v.1

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following separate and distinct affirmative defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

#### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole and each purported cause of action alleged therein fail to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND DEFENSE

#### (Statute of Limitations)

2.      Any recovery on Plaintiff's Complaint is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 335.1 and 338 and California Government Code Sections 12940, 12960 and 12965.

### THIRD DEFENSE

#### (Failure to Exhaust Administrative Remedies)

3.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to exhaust all administrative remedies as required by law prior to commencing this civil action.

### FOURTH DEFENSE

#### (Workers' Compensation Preemption)

4.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code Section 3200, *et seq.*

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
15785591v.1

### FIFTH DEFENSE

#### (Failure to Take Advantage of Preventive/Corrective Opportunities)

5.      Defendant exercised reasonable care to prevent and/or correct any unlawfully discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff.  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred or, alternatively, her relief limited.  *State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

### SIXTH DEFENSE

#### (Failure to Mitigate Damages)

6.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

### SEVENTH DEFENSE

#### (Offset)

7.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

### EIGHTH DEFENSE

#### (After-Acquired Evidence)

8.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### NINTH DEFENSE

#### (Joint and Several Liability)

9.      The liability of Defendant, if any, for the non-economic damages claimed by Plaintiff is limited by California Civil Code Section 1431.1, *et seq.*

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT
15785591v.1

**TENTH DEFENSE**

**(Managerial Immunity)**

10.     Any injuries Plaintiff sustained as a result of any action by a management employee of Defendant are barred by the doctrine of managerial immunity.

**ELEVENTH DEFENSE**

**(At-Will Employment)**

11.     Plaintiff's employment was terminable at will by either party with or without cause under California Labor Code Section 2922.

**TWELFTH DEFENSE**

**(Scope of Authority)**

12.     Defendant cannot be held vicariously liable for the conduct alleged in Plaintiff's Complaint because such conduct was outside the course and scope of employment of the individual(s) who allegedly engaged in such conduct.

**THIRTEENTH DEFENSE**

**(Consent and Waiver)**

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's conduct and actions.

**FOURTEENTH DEFENSE**

**(Equitable Doctrines)**

14.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the equitable doctrines of estoppel, laches and unclean hands because of Plaintiff's conduct and actions.

**FIFTEENTH DEFENSE**

**(Contributory Fault)**

15.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

4

**SIXTEENTH DEFENSE**

**(Legitimate Business Justification)**

16.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.

**SEVENTEENTH DEFENSE**

**(Punitive Damages Unconstitutional)**

17.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.


Defendant reserves its right to amend or add additional affirmative defenses that may become known.


**DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES**

Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this Complaint, Defendant has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant therefore is entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure Section 1032 and California Government Code Section 12965.

1
**PRAYER**

2
      Wherefore, Defendant prays for judgment as follows:

3
      1.    That Plaintiff takes nothing by her Complaint;

4
      2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes

5
of action;

6
      3.    That Defendant be awarded reasonable attorneys' fees according to proof;

7
      4.    That Defendant be awarded the costs of suit herein incurred; and

8
      5.    That Defendant be awarded such other and further relief as the Court may deem

9
appropriate.

10

11
DATED: July 8, 2013                      SEYFARTH SHAW LLP

12

13
                                  By    /s/ Jamie C. Chanin

14
                                        Laura J. Maechtlen
                                        Jamie C. Chanin

15
                                Attorneys for Defendant
                                TARGET CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA       )

                             )    ss

3

COUNTY OF LOS ANGELES    )

4

       I am a resident of the State of California, over the age of eighteen years, and not a party

5

to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067. On July 8, 2013, I served the within documents:

6

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT**

7

8

[X]    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

[ ]    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

[ ]    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

12

13

[ ]    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

[ ]    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

15

Joseph M. Lovretovich, Esq.           jml@jmllaw.com

16

David F. Tibor, Esq.                  david@jmllaw.com
Karen Y. Cho, Esq.                   karen@jmllaw.com

17

LAW OFFICES OF JOSEPH M. LOVRETOVICH
5941 Variel Avenue

18

Woodland Hills, CA 91367
Tel: (818) 610-8800; Fax: (818) 610-3030

19

       I am readily familiar with the firm's practice of collection and processing correspondence

20

for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

21

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

22

       I declare under penalty of perjury under the laws of the State of California that the above

23

is true and correct.

24

       Executed on July 8, 2013, at Los Angeles, California.

25

26

Donise Wasko-Pena

27

28

1

**PROOF OF SERVICE**

15785591v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 1020 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

FILED

2013 JUL -9 AM 11: 31

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
SANTA ANA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SARA VILLANUEVA | PLAINTIFF(S) | **CASE NUMBER** **SACV13- 1020 DOC (RNBx)** |
| V. TARGET CORPORATION ET AL. | DEFENDANT(S) | **NOTICE TO PARTIES OF** **COURT-DIRECTED ADR PROGRAM** |

### NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. See Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. See Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. See General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties before the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. See Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

Dated:  Tuesday, July 9, 2013

By:  DLAGMAN

Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
## AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediationsession. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. See Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Of the more than 9,000 civil cases filed in the District annually, less than 2 percent actually go to trial. The remaining cases are, for the most part: settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
SARA VILLANUEVA

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
TARGET CORPORATION

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
JML Law
Joseph M. Lovretovich; David F. Tibor; Karen Y. Cho
5941 Variel Avenue
Woodland Hills, CA 91367
Tel: (818) 610-8800; Fax: (818) 610-3030

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
SEYFARTH SHAW LLP
Laura J. Maechtlen (SBN 224923); Tel: 415.397.2823
560 Mission Street, Suite 3100; San Francisco, CA 94105
Jamie C. Chanin (SBN 244659); Tel: 310.277.7200
2029 Century Park East, Ste. 3500; Los Angeles, CA 90067

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332, 1441 (b)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** SACV13 - 01020 DOC (RNBx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Minnesota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Gale_  **DATE:** 7/9/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com